George WILSON, Plaintiff–Appellant,

v.

SELMA WATER WORKS
AND SEWER BOARD,
Defendant–Appellee.

No. 12–12812
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 24, 2013.

George Wilson, Selma, AL, pro se.

Prince Darius Chestnut, Selma, AL, for Defendant–Appellee.

---

4. The pending Motion to Vacate the COA is DENIED.

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

George Wilson appeals the dismissal of his civil rights action pursuant to the *Rooker–Feldman*[1] doctrine. We affirm.[2]

In 2009, Wilson sued Selma Water Works and Sewer Board (Selma Board) in Alabama state court for allegedly damaging his building. The trial court awarded Selma Board summary judgment and the Alabama Court of Civil Appeals affirmed. On August 5, 2011, the Alabama Supreme Court denied Wilson's petition for writ of certiorari, thereby ending the state-court proceedings. On August 19, 2011, Wilson filed this case in federal district court alleging violations of his federal due process rights based on (1) Selma Board's discovery and pleading tactics in state court, and (2) the state-court trial judge's failure to recuse himself. According to Wilson's Second Amended Complaint, he "seeks relief from summary judgment of Alabama Courts" notwithstanding the verdict of those courts. Wilson's claims were subsequently dismissed by a federal magistrate judge after the parties consented to the magistrate's jurisdiction.

Wilson's claims are jurisdictionally barred under the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). The *Rooker–Feldman* doctrine

bars state-court losers from seeking what would be, in substance, appellate review of state-court judgments in federal district court based on claims that the state-court judgment violated the losing parties' federal rights. *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir.2010); *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (holding *Rooker–Feldman* also bars federal claims raised in state court as well as claims that are inextricably intertwined with the state-court judgment). Because that is precisely what Wilson seeks to do in this case, his claims are jurisdictionally barred.

Accordingly, the magistrate judge's dismissal is **AFFIRMED**.

**Lazaro E. CRUZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, in its official capacity, Broward County Sheriff's Office, in its official capacity, City of Tamarac, in its official capacity, Defendants–Appellees.**

No. 12–16010
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 24, 2013.

---

1. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

2. We review the magistrate judge's dismissal for lack of subject-matter jurisdiction in this case de novo. *Nicholson v. Shafe*, 558 F.3d

1266, 1270 (11th Cir.2009). Also, we deny Appellee's motion to sanction Wilson under Fed.R.Civ.P. 11 and Fed. R.App. P. 38. *See, e.g., Woods v. Internal Revenue Serv.*, 3 F.3d 403, 404 (11th Cir.1993) (noting this Court's reluctance to sanction pro se litigants).

636

Lazaro E. Cruz, Sandstone, MN, pro se.

FCI Sandstone Warden, FCI Sandstone–Inmate Trust Fund, Rochester, MN, for Plaintiff–Appellant.

Wifredo A. Ferrer, Kathleen Mary Salyer, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, Steven R. Petri, Assistant U.S. Attorney, Pam Bondi, U.S. Attorney's Office, Robert H. Schwartz, McIntosh Schwartz, PL, Fort Lauderdale, FL, for Defendants–Appellees.

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Lazaro E. Cruz appeals the district court's dismissal of his complaint alleging, *inter alia*, a violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. He argues that the district court incorrectly dismissed the United States as a defendant, with prejudice, because he filed an administrative claim for his injury—being shot by authorities in connection with his arrest for criminal activity—within two years of the accrual of his claim.[1]

---

1. Cruz filed a motion for leave to file an amended brief. Because it does not alter the outcome of this appeal, the motion is granted. In this opinion, we therefore consider the arguments raised in Cruz's amended brief.

Nowhere in either brief does Cruz challenge the district court's dismissal of his claims against the Broward County Sheriff's Office and the City of Tamarac, so we deem

We review de novo an order dismissing a claim for lack of subject-matter jurisdiction. *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir.2001). The United States is immune from suit unless it consents to be sued, and the terms of its consent define a court's jurisdiction to entertain suits against it. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir.2011). The FTCA is a congressionally created exception to the United States' sovereign immunity. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir.2008). "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir.1994) (per curiam) (citing 28 U.S.C. § 2675(a)). The administrative claim must be filed within two years from the time the claim accrues. *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir.2006). If a claimant fails to timely file an administrative claim pursuant to the FTCA, his claim is forever barred. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir.2002).

A claim under the FTCA generally accrues at the time of injury. *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). Cruz admits that he was shot on October 7, 2008, and that he did not present an administrative claim to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) until November 2010. Because the two-year window on the filing of an administrative claim closed in October 2010, Cruz's administrative notice was therefore filed one month out of time.

▮ Undeterred, Cruz suggests that the district court misapplied *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), in calculating the accrual date of his claim, and that because he only viewed a videotape of his arrest and shooting at his sentencing in August 2009, that should form the accrual date of his claim. We disagree. In *Kubrick*, the Supreme Court, confronted with a plaintiff's medical malpractice FTCA claim, held that such a claim accrues "when the plaintiff knows both the existence and the cause of his injury." *Id.* at 113, 100 S.Ct. at 355. That is so even if the plaintiff does not yet know that "the acts inflicting the injury may constitute medical malpractice." *Id.;* see also *McCullough v. United States*, 607 F.3d 1355, 1359–60 (11th Cir.2010) (holding that a patient did not need his medical records to know the critical facts that he had been hurt and who had inflicted the injury). Based on the allegations in Cruz's complaint, he was shot on October 7, 2008, knew that he was shot, and was aware that it was some combination of officers with the ATF, the Broward County Sheriff's Office, and the City of Tamarac who shot him. Accordingly, he knew all of the critical facts required to put him on notice that he may have a claim against the government. *Kubrick*, 444 U.S. at 122, 100 S.Ct. at 359. His claim accordingly accrued on that date, and he was required to begin his investigation into potential liability at that time. *See id.*

▮ Cruz next contends that the district court erred in failing to apply the doctrine of equitable tolling to his claim. Statutes of limitations are generally subject to equitable tolling. *See United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985). We have not decided whether tolling is available under the FTCA, and we need not do so in this case, because even if we assume the doctrine applies, Cruz would not be entitled to relief. "Equitable tolling is appropriate when a movant untimely files because of

those claims abandoned. *See Holland v. Gee,* 677 F.3d 1047, 1066 (11th Cir.2012).